UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.

Devin Delbert Donald Blom (1),

      Defendant.

**ORDER**
Criminal No. 21-20 ADM/DTS

_____

Andrew S. Dunne and Lauren Olivia Roso, Assistant United States Attorneys, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Lauren Campoli, Esq., The Law Office of Lauren Campoli, PLLC, Minneapolis, MN, on behalf of Defendant Devin Delbert Donald Blom.

_____

      This matter is before the undersigned United States District Judge for a ruling on Defendant Devin Delbert Donald Blom's ("Blom") Objections [Docket Nos. 144, 145] to Magistrate Judge David T. Schultz's January 19, 2022 Orders [Docket Nos. 142, 143] denying Blom's Third Motion for Discovery [Docket No. 129] and Motion for Sanctions [Docket No. 136]. For the reasons stated below, the Objections are overruled and the Orders are affirmed.

      "The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential." Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The district court must affirm such an order unless it is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Crim. P. 59(a).

      In his first Objection, Blom argues that Judge Schultz erred in denying his Third Motion for Discovery because some discovery requests remain unsatisfied. Obj. [Docket No. 144] at 2–5. This Objection is overruled because the Government has established that it produced the requested discovery. See Gov't Resp. Opp'n Mot. Discovery [Docket No. 134] at 2–5; Gov't

Resp. Opp'n Obj. [Docket No. 146] at 1–2. Additionally, the Government represents that it will make all physical evidence available for review the week of February 14, 2022, well in advance of the trial currently scheduled for March 28, 2022. Gov't Resp. Opp'n Obj. at 2.

In his second Objection, Blom argues that the Government engaged in "repeated, strategic, and prejudicial non-disclosure of discovery favorable to Mr. Blom over a 10-month period of time, where the Government undisputedly failed to disclose a photo of a full canine search and this non-disclosure . . . likely would have changed the outcome of Mr. Blom's motions hearing." Obj. [Docket No. 145] at 2. Blom argues that on December 16, 2021, the Government belatedly produced a photograph depicting a canine sitting in the back of Blom's truck next to narcotics and money recovered by law enforcement. Blom contends that this photograph establishes that Blom's residence and vehicle were searched before the search warrant was obtained. Id.

The Court has reviewed the record, including Blom's exhibits in support of his Motion for Sanctions. See Def. Exs. 1–20 [Docket No. 137, Attach. 1]. The record does not show that the Government withheld or delayed in providing evidence favorable to Blom. Additionally, the photograph of the canine does not establish that Blom's home and vehicles were searched before the search warrant was obtained. The photograph was taken nearly an hour after the search warrant was signed. See Def. Ex. 18 at 3 (search warrant signed August 12, 2020 at 4:51 p.m.); Gov't Ex. 1 [Docket No. 141, Attach. 1] (screen shot showing canine photo taken on August 12, 2020 at 5:49 p.m.). The photograph is not favorable to Blom and would not have changed the outcome of his suppression motions. Blom's second Objection is overruled.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1. Defendant Devin Delbert Donald Blom's Objections [Docket Nos. 144, 145] to Magistrate Judge David T. Schultz's January 19, 2022 Orders are **OVERRULED;** and

2. The January 19, 2022 Orders [Docket Nos. 142, 143] are **AFFIRMED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated: February 10, 2022